FILED

2009 AUG 17  AM 11: 04

CLERK U.S. DISTRICT COURT
CENTRAL DIST. O. CALIF.
LOS ANGELES

BY _____

1  MONA HANNA, SBN 131439
   mhanna@mrllp.com
2  TORIN A. DORROS, SBN 191228
   tdorros@mrllp.com
3  BRETT A. GARNER, SBN 215043
   bgarner@mrllp.com
4  **MICHELMAN & ROBINSON, LLP**
   15760 Ventura Boulevard, 5th Floor
5  Encino, California 91436
   Telephone: (818) 783-5530
6  Facsimile:  (818) 783-5507

7
   Attorneys for Plaintiff Advertise.com, Inc.
8

9  ## UNITED STATES DISTRICT COURT

10 ## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

11

12 ADVERTISE.COM, INC.,                    ) Case No. **CV09-5983** VBF (CWx)

13          Plaintiff,                     )
                                           ) **COMPLAINT FOR
14     vs.                                 ) DECLARATORY RELIEF,
                                           ) TRADEMARK INVALIDITY, AND
15 AOL, LLC; PLATFORM-A, INC.; and         ) INTERFERENCE WITH
   Does 1 – 10                             ) PROSPECTIVE ECONOMIC
16                                         ) ADVANTAGE**
                                           )
17          Defendants.                    ) **REQUEST FOR JURY TRIAL**
                                           )
18

19     Plaintiff Advertise.com, Inc., a California corporation (hereinafter referred

20 to as "Advertise.com"), for its Complaint against Defendants AOL, LLC ("AOL"),

21 Platform-A, Inc. ("Platform-A"), and Does 1-10 (collectively, "Defendants")

22 hereby allege as follows:

23

24                        **NATURE OF CLAIMS**

25     1.     Advertise.com seeks a declaratory judgment that its use of the

26 ADVERTISE.COM name and trademark (the "Mark") for advertising and

27 commercial information services via electronic media and the internet;

28 dissemination of advertising for others via the internet; providing online business

182329

1
**COMPLAINT**

1   management service and advice including accounting, marketing, strategy,

2   consulting, analytics, business project management, and business development has

3   not infringed or otherwise violated Defendants' alleged trademark or other rights in

4   ADVERTISING.COM or AD.COM for advertising or any other services.

5

6                                      **JURISDICTION**

7         2.     This case arises under the Federal Declaratory Judgments Act, 28

8   U.S.C. §§ 2201 and 2202, the Lanham Act, 15 U.S.C. § 1501 et. seq., and related

9   state and common law sections related to trademark infringement, unfair

10  competition, and/or deceptive trade practices.

11        3.     This Court has jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. §§

12  1331 and 1338.  The Court has supplemental jurisdiction over Plaintiff's state law

13  claims pursuant to 28 U.S.C. § 1367(a).  The amount in controversy exceeds the

14  sum or value of $75,000, exclusive of interest and costs.

15        4.     This Court has personal jurisdiction over Defendants because

16  Defendants conduct business in the State of California and within this district,

17  including providing advertising services within California and within this district,

18  and other services to California residents.

19        5.     Venue is proper in the district pursuant to 28 U.S.C. § 1391 on either

20  of the following grounds:  (a) a substantial part of the events giving rise to the

21  instant claim for declaratory relief and the subject matter thereof occurred in this

22  district, including, without limitation, that Advertise.com received a "cease and

23  desist" letter from Defendants in this district, that Advertise.com's principal place

24  of business is located in this district, and that Advertise.com adopted and

25  commenced use of a trademark that is the subject of the "cease and desist" letter in

26  this district; and (b) Defendants AOL and Platform-A are subject personal

27  jurisdiction in this district.

28

182329

**THE PARTIES**

6.     Advertise.com, Inc. is a corporation organized and existing under the laws of the State of California with its principal place of business in this district, wherein Advertise.com owns and operates an online advertising and consulting services company.

7.     On information and belief, AOL, LLC, is a limited liability company registered in the State of Delaware with its principal place of business at 770 Broadway, New York, New York, 10003.  On information and belief, AOL is a web services business which is owned and operated by Time Warner, Inc.

8.     On information and belief, Platform-A, Inc. is a corporation registered in the State of Maryland with its principal place at 770 Broadway, New York, New York, 10003.  On information and belief, Platform A sells advertising services which is a wholly owned subsidiary of AOL, LLC.

9.     On information and belief, and based thereon alleges, that Defendants Does 1-25, whose names and identities are currently unknown to Plaintiff, are individuals and businesses who/which have engaged in and/or are responsible for the acts which are described below.  Plaintiff will amend this complaint to identify these individuals and entities by their true names as they become known.  All named and DOE defendants are hereinafter to collectively as "Defendants."

10.     On information and belief, and based thereon alleges, that at all times herein relevant, there existed a relationship between and among all of the Defendants and each of them in the nature of a joint venture, partnership, principal and agent, employer and employee, master and servant, aider and abettor, and/or principal and conspirator and each and every action of the Defendants was carried out within the course and scope of such relationship and was authorized.

**ALLEGATIONS COMMON TO ALL COUNTS**

11.     The domain www.advertise.com was registered in 1994.

12.     Plaintiff is in the business of providing online advertising and business consulting services.

13.     Plaintiff acquired both the trademark ADVERTISE.COM and domain name www.advertise.com.  On information and belief, the domain name and trademark were used in association with advertising services as early as 1994.

14.     On information and belief, Defendants are involved in the business of providing advertising services to third parties.

15.     On information and belief, Platform-A, Inc. purchased the domain name www.advertising.com and its related trademarks in 2004.

16.     Platform-A, Inc. has filed three design mark applications for various versions of the ADVERTISING.COM logo and appearance, subsequent to which three trademark registrations were issued for the design mark ADVERTISING.COM.

17.     Currently Defendants also have an outstanding application for a standard character mark on AD.COM.

18.     On information and belief, Defendants do not own the domain name www.ad.com.

19.     Defendants have not filed any trademark application, nor have any outstanding application, for a standard character mark with respect to ADVERTISING.COM.

20.     Defendants have not filed any trademark application, nor have any outstanding application, for a design mark with respect to AD.COM.

21.     The design mark ADVERTISING.COM with Registration No. 3,508,629 was registered on September 30, 2008.

22.     The design mark ADVERTISING.COM with Registration No. 2,577,256 was registered on June 11, 2002.

182329

4
COMPLAINT

23.   The design mark ADVERTISING.COM with Registration No. 2,914,052 was registered on December 8, 2004.

24.   Defendants applied for the standard character mark AD.COM with pending Application No. 77/578055 on September 24, 2008.

25.   The standard character mark AD.COM has not been registered because the mark and Defendants' corresponding application are as yet subject to an office action by the USPTO rejecting an initial 2(f) claim based on the mark being "highly descriptive" of its goods and services.

26.   More than 15 years after the www.advertise.com domain name was registered and in use, Defendants, on July 13, 2009, forwarded to Advertise.com its "cease and desist" letter, wherein Defendants charge that Advertise.com's ADVERTISE.COM trademark infringes upon Defendants' ADVERTISING.COM and AD.COM trademark attached hereto as Exhibit "A." Defendants also charge Advertise.com with unfair competition and deceptive trade practices.

27.   In its "cease and desist" letter, Defendants demand that Advertise.com "(1) immediately and permanently cease all use of the ADVERTISE.COM designation (and any other designation confusingly similar thereto) in connection with its business; (ii) certify in writing that it has destroyed or will immediately destroy all products, literature, and any other marketing and promotional materials bearing the ADVERTISE.COM designation; (iii) immediately and permanently change the name of its corporate entity to a name not comprised of the ADVERTISE.COM designation (or any designation confusingly similar thereto); (iv) expressly abandon with prejudice U.S. Serial No. 77/697,411 as well as any other application or registration (including, without limitation, d/b/a, trade name and trademark) compromised of the ADVERTISE.COM designation (or any designation confusingly similar thereto); and (v) forebear from using the ADVERTISE.COM designation or any other business name, trademark or

designation of origin confusingly similar to the ADVERTISING.COM Marks, at any point in the future.

28.    Defendants further state in their "cease and desist" letter that failure to meet those demands will damage [Defendants] and subject [Defendants] to irreparable harm, entitling [Defendants] to injunctive and monetary relief."

### No Trademark Infringement

29.    There is no likelihood of confusion between the ADVERTISE.COM trademark and the ADVERTISING.COM or AD.COM trademark.

30.    No other element essential to an actionable infringement upon the ADVERTISING.COM trademark arises from Advertise.com's use of the ADVERTISE.COM trademark.

### Trademark Invalidity

31.    Defendants Marks are Generic, should not be afforded trademark protection and are subject to cancellation pursuant to 15 U.S.C. § 1064(c).

32.    The Marks are also subject to cancellation for false representations made to the USPTO and Defendants failure to continue using the Marks over time.

### No Unfair Competition or Deceptive Trade Practices

33.    No claim for unfair competition as to the ADVERTISING .COM or AD.COM Marks arises from Advertise.com's use of the ADVERTISE.COM trademark or trade name.

### CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

### Declaration as to Rights Pursuant to 28 U.S.C. §2201 and Trademark Infringement under the Lanham Act, 15 U.S.C. §1114

34.    Plaintiff incorporates the allegations in the preceding paragraphs as if set forth fully herein.

35.   Declaratory relief actions are available when an actual case or controversy exists between two parties.

36.   Beginning on July, 13 2009, Defendants have asserted that Plaintiff's use of its Mark constitutes an infringement of trademark rights allegedly held by Defendants in violation of The Lanham Act, and demanding, inter alia, that Plaintiff immediately cease and desist all use of its Mark and similar variations thereof.

37.   Plaintiff maintains that its use of the Mark is lawful and does not infringe upon the rights of Defendants.

38.   Therefore, an actual case or controversy exists between the parties.

39.   Plaintiff has no adequate remedy at law under administrative law and before the USPTO.

40.   Defendants' assertions that Plaintiff is violating their legal rights irreparably injures and adversely affects Plaintiff and, unless prevented by this Court, will continue to so affect Plaintiff's business and the immense investment it has made in its Mark and attendant good will.  To resolve the legal and factual questions raised by Defendants and to afford relief from the uncertainty and controversy which Defendants' assertion has precipitated, Plaintiff is entitled to a declaratory judgment of his rights under 28 U.S.C. §§2201-02.  Plaintiff's use of the Mark is not in violation of any of Defendants' rights, including without limitation any rights Defendants might have pursuant to 15 U.S.C. §1114(1).

41.   Plaintiff hereby seeks judicial declaration that Plaintiff's Mark does not infringe any mark or right of Defendants and for Plaintiff's continued right to use the Mark free and clear of interference or harassment by Defendants and without any obligation or liability to Defendants.

42.   Plaintiff additionally seeks reimbursement of its attorneys' fees and costs from Defendants associated with bringing the action at hand.

182329

## SECOND CLAIM FOR RELIEF

### Declaratory Relief Concerning Unfair Competition under The Lanham Act, 15 U.S.C. §1125(a)

43.   Plaintiff incorporates the allegations in the preceding paragraphs as if set forth fully herein.

44.   Beginning July 13, 2009, Defendants have asserted that Plaintiff's use of its Mark establishes unfair competition in violation of The Lanham Act, and demanding, inter alia, that Plaintiff immediately cease and desist all use of the Marks and similar variations thereof.

45.   Plaintiff maintains that his use of its Mark is lawful and does not infringe upon the rights of Defendants.

46.   Therefore, an actual case or controversy exists between the parties.

47.   Defendants' assertions that Plaintiff is violating their legal rights irreparably injures and adversely affects Plaintiff and, unless prevented by this Court, will continue to so affect Plaintiff's business and the immense investment it made in the Mark and attendant good will.  To resolve the legal and factual questions raised by Defendants and to afford relief from the uncertainty and controversy which Defendants' assertion has precipitated, Plaintiff is entitled to a declaratory judgment of his rights under 28 U.S.C. §§2201-02.

48.   Plaintiff's use in commerce of the Marks is not likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Plaintiff with Defendants and is not likely to cause confusion as to the origin, sponsorship, or approval of Plaintiff's services and the services offered by Defendants.  Therefore, Plaintiff's use of the Mark does not constitute false designation of origin pursuant to Section 43(a) of The Lanham Act, 15 U.S.C. §1125(a).

49.   Plaintiff's use of the Mark is not in violation of any of Defendants' rights, including without limitation any rights Defendants might have under state

182329

1  and/or federal law of unfair competition, including pursuant to 15 U.S.C. §1051 et.

2  seq. and, specifically, 15 U.S.C. §1125(a).

3

4  ### THIRD CLAIM FOR RELIEF

5  **Declaratory Relief of No Trademark Dilution Under the Federal Anti-**

6  **dilution Act, 15 U.S.C. § 1125(c)**

7      50.    Plaintiff incorporates the allegations in the preceding paragraphs as if

8  set forth fully herein.

9      51.    On information and belief, Defendants' Marks are not inherently

10  distinctive, lack secondary meaning, and are not famous.  Further, Advertise.com's

11  designations are not confusingly similar to Defendants' and Advertise.com's

12  activities and business practices have not diluted and are not likely to dilute

13  Defendants' purported Marks or otherwise violate any of Defendants' rights or to

14  cause injury to Defendant.

15      52.    Defendants' assertions that Plaintiff is violating their legal rights

16  irreparably injures and adversely affects Plaintiff and, unless prevented by this

17  Court, will continue to so affect Plaintiff's business and the immense investment it

18  had made in the Mark and attendant good will.  To resolve the legal and factual

19  questions raised by Defendants and to afford relief from the uncertainty and

20  controversy which Defendants' assertion has precipitated, Plaintiff is entitled to a

21  declaratory judgment of his rights under 28 U.S.C. §§2201-02.

22      53.    Defendants' allegations that Advertise.com's products, designations,

23  and business practices dilute the Marks irreparably harms and injures

24  Advertise.com, and will continue to do so until an order declaring their rights is

25  issued by this Court.

26      54.    Plaintiff hereby seeks judicial declaration that Plaintiff's Mark does

27  not dilute or infringe any mark or right of Defendants, nor act or cause to dilute or

28  infringe upon Defendants' business, and for Plaintiff's continued right to use the

1    Mark free and clear of interference or harassment by Defendants and without any

2    obligation or liability to Defendants.

3

4                            **FOURTH CLAIM FOR RELIEF**

5    **Declaratory Relief Regarding California State Trademark Infringement**

6                            **Cal. Bus. & Prof. Code § 14200**

7            55.    Plaintiff incorporates the allegations in the preceding paragraphs as if

8    set forth fully herein.

9            56.    Beginning July 13, 2009, Defendants have asserted that Plaintiff's use

10   of its Mark constitutes trademark infringement under the trademark laws of the

11   State of California in violation of Cal. Bus. & Prof. Code § 14200, and demanding,

12   inter alia, that Plaintiff immediately cease and desist all use of its Mark and similar

13   variations thereof.

14           57.    Plaintiff maintains that its use of the Mark is lawful and does not

15   infringe upon the rights of Defendants.

16           58.    Therefore, an actual case or controversy exists between the parties.

17           59.    Defendants' assertions that Plaintiff is violating their legal rights

18   irreparably injures and adversely affects Plaintiff and, unless prevented by this

19   Court, will continue to so affect Plaintiff's business and the immense investment it

20   has made in the Mark and attendant good will.  To resolve the legal and factual

21   questions raised by Defendants and to afford relief from the uncertainty and

22   controversy which Defendants' assertion has precipitated, Plaintiff is entitled to a

23   declaratory judgment of his rights under 28 U.S.C. §§2201-02.

24           60.    Plaintiff has not used any trademarks in which Defendants have

25   legitimate rights in connection with the sale, offering for sale and/or advertising of

26   Plaintiff's services.

27           61.    Plaintiff's use of the Mark is not likely to cause confusion or mistake

28   among consumers or result in deception as to the source or origin of such services.

182329

62.     The use by Plaintiff of the Mark is not in violation of any rights Defendants might have under the trademark laws of the State of California as set forth in Cal. Bus. & Prof. Code § 14200.

63.     Plaintiff hereby seeks judicial declaration that Plaintiff's Mark does not infringe any mark or right of Defendants and for Plaintiff's continued right to use the Mark free and clear of interference or harassment by Defendants and without any obligation or liability to Defendants.

## FIFTH CLAIM FOR RELIEF

**Declaratory Relief Concerning California Unfair Competition and Deception Trade Practices Cal. Bus. & Prof. Code § 17200.**

64.     Plaintiff incorporates the allegations in the preceding paragraphs as if set forth fully herein.

65.     Beginning July 13, 2009, Defendants have asserted that Plaintiff's use of the Mark constitutes unfair competition and deceptive trade practices in violation of the laws of the State of California, and demanding, inter alia, that Plaintiff immediately cease and desist all use of its Mark and similar variations thereof.

66.     Plaintiff maintains that his use of the Mark is lawful and does not infringe upon the rights of Defendants.

67.     Therefore, an actual case or controversy exists between the parties.

68.     Defendants' assertions that Plaintiff is violating their legal rights irreparably injures and adversely affects Plaintiff and, unless prevented by this Court, will continue to so affect Plaintiff's business and the immense investment it had made in the Mark and attendant good will.  To resolve the legal and factual questions raised by Defendants and to afford relief from the uncertainty and controversy which Defendants' assertion has precipitated, Plaintiff is entitled to a declaratory judgment of his rights under 28 U.S.C. §§2201-02.

182329

69. On information and belief, the Mark has been used in commerce in connection with advertising services in the State of California since 1994.

70. Plaintiff's use of the Mark does not constitute unfair competition under the U.S. Lanham Act and deceptive trade practices or its equivalent under California State Law under Cal. Bus. & Prof. Code § 17200.

71. Plaintiff seeks a judicial declaration of its continued right to use the Mark and seeks a declaration of this Court that his use does not constitute unfair competition nor deceptive trade practices under either The Lanham Act or California's Deceptive Trade Practices Act.

## SIXTH CLAIM FOR RELIEF

### Declaratory Judgment of No Trademark Dilution under Cal. Bus. & Prof. Code § 14330 Et Seq.

72. Plaintiff incorporates the allegations in the preceding paragraphs as if set forth fully herein.

73. On information and belief, Defendants' Marks are not inherently distinctive, lack secondary meaning, and are not famous. Further, Advertise.com designations are not confusingly similar to Defendants' and Advertise.com's activities and business practices have not diluted and are not likely to dilute Defendants' purported Marks or otherwise violate any of Defendants' rights or to cause injury to Defendant.

74. Defendants' assertions that Plaintiff is violating their legal rights irreparably injures and adversely affects Plaintiff and, unless prevented by this Court, will continue to so affect Plaintiff's business and the immense investment it had made in the Mark and attendant good will. To resolve the legal and factual questions raised by Defendants and to afford relief from the uncertainty and controversy which Defendants' assertion has precipitated, Plaintiff is entitled to a declaratory judgment of his rights under 28 U.S.C. §§2201-02.

182329

75.     Defendants' allegations that Advertise.com's products, designations, and business practices dilute the Marks irreparably harms and injures Advertise.com, and will continue to do so until an order declaring their rights is issued by this Court.

76.     Plaintiff hereby seeks judicial declaration that Plaintiff's Mark does not dilute or infringe any mark or right of Defendants, nor act or cause to dilute or infringe upon Defendants' business, and for Plaintiff's continued right to use the Mark free and clear of interference or harassment by Defendants and without any obligation or liability to Defendants.

## SEVENTH CLAIM FOR RELIEF
### Cancellation of Registration No. 3,508,629; 2,914,052; and 2,577,629 Based on Defendants' Fraudulent Representations to the USPTO and Abandonment of its Marks.

77.     Plaintiff incorporates the allegations in the preceding paragraphs as if set forth fully herein.

78.     On information and belief, Plaintiff avers that Defendants' federal registration of the mark in U.S. Registration No. 3,508,629; 2,914,052; and 2,577,629 for ADVERTISING.COM services was obtained fraudulently, within 15 U.S.C. §1115(b)(1), because Defendants were not, and have not used the mark in commerce in connection with its services as alleged in its application.

79.     On information and belief, Plaintiff avers that Defendants have abandoned any ownership interest in Registration No(s). 2,914,052 and 2,577,256, they may have had in the marks, with 15 U.S.C. §1115(b)(2), because Defendants have not used the marks in commerce in connection with its services within the last three (3) years.

182329

80.    Plaintiff is entitled to cancellation of Defendants' registration, pursuant to the Lanham Act, 15 U.S.C. §1064(3), since the registration was fraudulently obtained and/or abandoned by Defendants.

## EIGHTH CLAIM FOR RELIEF

### Intentional Interference with Prospective Economic Advantage

81.    Plaintiff incorporates the allegations in the preceding paragraphs as if set forth fully herein.

82.    Prior to the acts set forth above, Advertise.com had economic relationships with existing and prospective customers that contained a probable future economic benefit or advantage to Advertise.com.

83.    Defendants knew of the existence of these customer relationships and prospective customers' relationships, and Defendants intentionally engaged in conduct that was designed to interfere and disrupt these relationships.

84.    Advertise.com's relationships with these customers and prospective customers were in fact interfered with and/or disrupted by Defendants.

85.    Defendants' acts are causing damage to Advertise.com that is likely to continue unless enjoined by this Court.

## NINTH CLAIM FOR RELIEF

### Negligent Interference with Prospective Economic Advantage

86.    Plaintiff incorporates the allegations in the preceding paragraphs as if set forth fully herein.

87.    Prior to the acts set forth above, Advertise.com had economic relationships with existing and prospective customers that contained a probable future economic benefit or advantage to Advertise.com.

182329

88. Defendants knew of the existence of these customer relationships and prospective customers' relationships, and Defendants intentionally engaged in conduct that was designed to interfere and disrupt these relationships.

89. Defendants failed to exercise due care.

90. Advertise.com's relationships with these customers and prospective customers were in fact interfered with and/or disrupted by Defendants.

91. Defendants' acts are causing damage to Advertise.com that is likely to continue unless enjoined by this Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

A. A determination and adjudication of the rights and liabilities of the parties with regard to the Marks as they relate to this dispute;

B. A declaration that Plaintiff's use of the Marks is lawful and does not infringe upon any rights of Defendants under federal and/or state law;

C. A declaration that Plaintiff's use of the Marks is lawful and does not dilute Defendants' business or any right of Defendants under federal and/or state law;

D. A declaration that Plaintiff's use of the Marks is lawful and does not constitute any act of unfair competition or deceptive trade under federal and/or state law;

E. Cancellation of Defendants' U.S. Registration No. 2,914,052; 2,577,256 and 3,508,629.

F. A permanent injunction prohibiting Defendants from further vexing conduct or harassment of Plaintiff;

G. Punitive damages as permitted by law;

1    H.    An award of interests, costs, attorneys' fees incurred by

2  Plaintiff in prosecuting this action; and

3    I.    All other relief to which Plaintiff is entitled.

4

5                    **DEMAND FOR TRIAL BY JURY**

6    Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs hereby demand

7  trial by a jury of twelve (12) on all issues so triable herein.

8

9  DATED this 17th day of August, 2009.

10

11                              MICHELMAN & ROBINSON, LLP

12

13                              By: _____

14                                  BRETT A. GARNER
                                    15760 Ventura Boulevard, 5th Floor
15                                  Encino, California 91436
                                    Telephone: (818) 783-5530
16                                  Facsimile:  (818) 783-5507
                                    bgarner@mrllp.com

17                              Attorneys for Plaintiff Advertise.com, Inc.

18

19

20

21

22

23

24

25

26

27

28

182329

# EXHIBIT A

# NEAL ▪ GERBER ▪ EISENBERG

Lee J. Eulgen
Attorney at Law

Tel 312.269.8465
Fax 312.578.2807
leulgen@ngelaw.com

July 13, 2009

**VIA FEDERAL EXPRESS**

Mr. Daniel Yomtobian
Chief Executive Officer
Advertise.com, Inc.
15303 Ventura Blvd
Suite 220
Sherman Oaks, California  91403

Re:   **Infringement of the ADVERTISE.COM and AD.COM Marks**

Dear Mr. Yomtobian:

Our firm is intellectual property litigation counsel to AOL LLC and Platform-A, Inc. (collectively, "AOL"), which, as you are already aware, own and operate the ADVERTISING.COM and AD.COM online marketing network.

As you are also no doubt aware, for many years, AOL and its predecessors have continuously used the ADVERTISING.COM and AD.COM names and marks in connection with the promotion of a wide variety of services, including advertising, marketing and promotional services such as the placement and dissemination of advertising for others, marketing campaign management services, marketing research and consulting services, managing advertising space for web publishers, and business services in the nature of matching marketers with web publishers. AOL has now grown to become the largest online advertising platform in the U.S., and our client reached over 90% of domestic online consumers in the first quarter of this year alone. Indeed, our client and its predecessors have spent millions of dollars promoting the services provided under and in connection with the ADVERTISING.COM and AD.COM names and marks (collectively, the "ADVERTISING.COM Marks"), and these services have generated hundreds of millions of dollars of revenue for AOL and its predecessors.

As a result of the extensive use and promotion of the ADVERTISING.COM Marks by AOL and its predecessors and the wide variety of services rendered under and in connection with the ADVERTISING.COM Marks, the ADVERTISING.COM Marks have become known and recognized by the public and members of the relevant trade as identifying and distinguishing AOL. This enormous goodwill and recognition constitutes one of AOL's most valuable assets. Accordingly, the integrity of AOL's ADVERTISING.COM Marks is crucial to the continued vitality and growth of AOL's business.

To further protect its significant rights in the ADVERTISING.COM Marks, AOL owns and maintains several U.S. federal registrations and applications for the ADVERTISING.COM Marks, including Reg. Nos. 3,508,629; 2,914,052; 2,577,629; and Serial No. 77/578,055. At

NEAL, GERBER & EISENBERG LLP

Mr. Daniel Yomtobian
Advertise.com, Inc.
July 13, 2009
Page 2

least one of our clients' federal registrations for the ADVERTISING.COM Marks, Registration No. 2,577,256, is now incontestable pursuant to 15 U.S.C. § 1065.

It recently has come to our attention that you have commenced the unauthorized use of the designation ADVERTISE.COM in connection with the provision of services that are identical and complimentary to the services offered by our clients under the ADVERTISING.COM Marks. This unauthorized use began long after AOL and its predecessors had begun to use and extensively promote the ADVERTISING.COM Marks, after the ADVERTISING.COM Marks acquired a further distinctiveness signifying AOL, after our clients obtained federal registrations covering the ADVERTISING.COM marks, and after our clients filed the application to federally register the AD.COM mark. Furthermore, we see that you recently filed an application to federally register the ADVERTISE.COM designation in connection with "[a]dvertising and commercial information services via electronic media and the internet; [d]issemination of advertising for others via the internet; [p]roviding online business management services and advice including accounting, marketing, strategy, consulting, analytics, business project management, and business development," now pending under Serial No. 77/697,411.

Given the renown of our clients' ADVERTISING.COM Marks, we believe that you adopted and are using the ADVERTISE.COM designation with full knowledge of our clients' use of, and prior rights in, the ADVERTISING.COM Marks. We further believe that your adoption of the ADVERTISE.COM designation in connection with services that are identical and complimentary to the services offered by our clients was specifically calculated to cause confusion, mistake, and to deceive members of the public and those in the relevant sector of trade into falsely believing that Advertise.com and its business and services are sponsored by, affiliated with or otherwise legitimately connected to AOL and its services. Engendering such confusion, mistake or deception violates Sections 32 and 43(a) of the Lanham Act, 15 U.S.C. §1114(a) and §1125(a). Moreover, we believe that your conduct constitutes unfair competition and a violation of the applicable deceptive trade practices statute. Such claims subject you to injunctive relief and a judgment for damages, as well as an award of treble damages and our client's attorneys' fees and costs.

While they are prepared to vigorously enforce their rights, our clients would prefer to resolve this matter amicably. To begin this process, we require your written assurance that you will: (i) immediately and permanently cease all use of the ADVERTISE.COM designation (and any other designation confusingly similar thereto) in connection with your business; (ii) certify in writing that you have destroyed or will immediately destroy all products, literature, and any other marketing and promotional materials bearing the ADVERTISE.COM designation; (iii) immediately and permanently change the name of your corporate entity to a name not comprised of the ADVERTISE.COM designation (or any designation confusingly similar thereto); (iv) expressly abandon with prejudice U.S. Serial No. 77/697,411 as well as any other application or registration (including, without limitation, d/b/a, tradename and trademark) comprised of the

NEAL, GERBER & EISENBERG LLP

Mr. Daniel Yomtobian
Advertise.com, Inc.
July 13, 2009
Page 3


ADVERTISE.COM designation (or any designation confusingly similar thereto); and (v) forbear from using the ADVERTISE.COM designation or any other business name, trademark or designation of origin confusingly similar to our client's ADVERTISING.COM Marks, at any point in the future.

We require your response by July 24, 2009. If we do not receive your timely assurances as set forth above, we will assume that you do not seek an amicable resolution of this matter, and we will proceed accordingly.

Sincerely,

Lee J. Eulgen

LJE:ama


cc:     Hillary Schroeder, Esq.
        Sarah Smith, Esq.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Valerie Baker Fairbank and the assigned discovery Magistrate Judge is Carla Woehrle.

The case number on all documents filed with the Court should read as follows:

## CV09- 5983 VBF (CWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [ ] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.