**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JAN 29 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ADVERTISE.COM, INC.,

Plaintiff - Appellant,

v.

AOL LLC; et al.,

Defendants - Appellees.

Nos. 10-55069, 10-55071

D.C. Nos. 2:09-cv-05983-VBF
2:09-cv-07374-VBF
Central District of California,
Los Angeles

ORDER



Before: SILVERMAN, PAEZ and BEA, Circuit Judges.

The parties' requests to file oversized motions in support of and opposition
to the emergency motion for stay of the district court's January 8, 2010 order are
granted.

The court grants appellant's motion for a stay pending appeal of the district
court's January 8, 2010 preliminary injunction order. *See Hilton v. Braunskill*, 481
U.S. 770, 776 (1987); *Cal. Pharmacists Ass'n v. Maxwell-Jolly*, 563 F.3d 847,
849-50 (9th Cir. 2009) (order). Appellant represents in its motion for a stay
pending appeal that it does not seek a stay of the portion of the district court's
order that prohibits appellant from using any design marks or logo that is
confusingly similar to the stylized forms of AOL's Advertising.com marks. *See*

AM/MOATT

appellant's motion for stay at 1, n. 2. Accordingly, this order stays only section (b) of the district court's preliminary injunction order pending appeal.

The briefing schedule established previously shall remain in effect.

BEA, Circuit Judge, dissenting:

I respectfully dissent from the order granting a stay of the preliminary injunction entered by the district court.

First, I do not find the appellant has made a "strong showing" it will probably prevail. The district court so found. Its finding was based on the rebuttable presumption the trademarks in question were descriptive, which presumption followed the action of the Patent and Trademark Office granting incontestable registration to appellee's marks. The district court further found the evidence adduced by the appellee was insufficient to overcome such presumption, To the contrary, the district court found that the large expenditures of time, effort and money to give the appellees' marks a distinctive character contrasted sharply with the appellant's "Johnny-come-lately" adoption of a confusing mark.  Given that trial court findings of which marks are generic and which marks are descriptive are factual findings. *In re Hotels.com, L.P.*, 573 F.3df 1300, 1301 (Fed. Cir. 2009), I can find no principled basis to overturn the district court's findings as

(1) illogical, (2) implausible or (3) without basis in inferences based in the record. *United States v. Hinkson*, 585 f.3d 1247, 1262.

Second, the district court carefully examined the appellant's proofs regarding the harm it claims a lack of stay would cause it. Given that appellant has been in business since 1994–using a different trade name and mark until April, 2009–and that its website address ("www.advertise.com") use has *not* been enjoined, I can find no principled basis to hold the distict court's factual finding on this element is an abuse of discretion either. See *Hinkson*, supra.

Were our scope of review as to whether the tradenames are generic or descriptive *de novo*, I might come to another conclusion, but–as I see it–that option is not open to us.

For those reasons, I would deny the request for the stay of the preliminary injunction and hence, respectfully dissent.